### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

| | |
|---|---|
| OMAR AL-BUNDAK, <br><br> Plaintiff, <br><br> v. <br><br> BAHAA RAFIQ HARIRI, <br><br> Defendant. | Civil Action No. 1:12cv998 CMH/JFA <br><br> **JURY TRIAL DEMANDED** <br><br> ***PUBLIC VERSION*** <br> ***UNREDACTED VERSION FILED*** <br> ***UNDER SEAL*** |

### BAHAA HARIRI'S ANSWER TO COMPLAINT OF OMAR AL-BUNDAK AND COUNTERCLAIMS

Defendant Bahaa Rafiq Hariri ("defendant"), by and through his attorneys, hereby answers the Complaint of Omar Al-Bundak ("plaintiff") as follows:

### PRELIMINARY STATEMENT

Plaintiff's Complaint improperly mixes factual averments with argumentative rhetoric so as to make admissions or denials of such averments difficult or impossible. Further, many of the allegations in the Complaint are overbroad, vague, or conclusory and include terms that are undefined and that are susceptible to different meanings. Accordingly, by way of a general response, all allegations are denied unless specifically admitted, and any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or speculations which are contained in the averment or in the Complaint as a whole. Defendant further answers all paragraphs to the best of his recollection and beliefs. These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph in the Answer.

Defendant further submits that the use of subheadings in the alleged "Facts" portion of the Complaint is improper and, therefore, no response to them is required. To the extent that a response is required, and to the extent that such headings contain allegations directed toward defendant, those allegations are denied.

## JURISDICTION AND VENUE

1. Paragraph 1 states a legal conclusion to which no response is required.

2. Paragraph 2 states a legal conclusion to which no response is required.

## PARTIES

3. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 3, which are therefore deemed denied.

4. Defendant admits that he resides in the Principality of Monaco. Defendant admits that he has traveled to the United States and has transacted business here, but denies the remaining allegations in Paragraph 4.

5. Defendant admits that he holds various positions with entities in the United States and outside of the United States, but lacks sufficient information to admit or deny whether he is a "principal" at "numerous" "multi-national" entities because plaintiff has not defined those terms with any specificity, and therefore these allegations are deemed denied. Defendant denies the remaining allegations in Paragraph 5.

6. Defendant admits that Colors LLC and Oxantium LLC were limited liability corporations organized and existing under the laws of the State of Delaware, which had a principal place of business in the District of Columbia. Defendant admits he was a "principal" in Colors and Oxantium. Defendant denies the remaining allegations in Paragraph 6 because plaintiff has not defined the relevant time period with any specificity. Defendant also lacks sufficient information to admit or deny whether Oxantium LLC and/or Colors LLC held a lease

of real property on Key Boulevard in Arlington, Virginia, and therefore these allegations are deemed denied.

     7.     Defendant denies the allegations in Paragraph 7.

     8.     Defendant admits that plaintiff has lived in Arlington, Virginia. Defendant lacks sufficient information to admit or deny whether plaintiff engaged in commercial and personal activities in the Commonwealth of Virginia "at all times material hereto," and therefore these allegations are deemed denied.

     9.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 9. Defendant has no knowledge as to where plaintiff was located at the time of the unspecified alleged "communications," nor has plaintiff defined the relevant time period or "agents" or "regularly" with any specificity, and therefore the allegations in Paragraph 9 are deemed denied. Defendant denies the remaining allegations in Paragraph 9.

     10.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 10. Defendant has not defined the relevant time period or "agents" with any specificity and therefore those allegations in Paragraph 10 are deemed denied. Defendant denies the remaining allegations in Paragraph 10.

     11.     Defendant admits that plaintiff worked for Hughes Space and Communications Company. Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 11, and therefore these allegations are deemed denied.

     12.     Defendant admits that his father Rafiq Hariri was the Prime Minister of Lebanon for periods that are a matter of public record. Defendant has not defined "contacts" or "other business associates" with any specificity and therefore those allegations in Paragraph 12 are

deemed denied. Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 12, and therefore these allegations are deemed denied.

13. Defendant admits that plaintiff served in the Prime Minister's cabinet as the Director General of the Lebanese Ministry of Post, Telephone, and Telegraph. Defendant has not defined "regular contact" or "other members" with any specificity and therefore those allegations in Paragraph 13 are deemed denied. Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 13, and therefore these allegations are deemed denied.

14. Defendant lacks sufficient information to admit or deny the existence of or content of alleged communications by or to plaintiff, and therefore these allegations are deemed denied. Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 14, and therefore these allegations are deemed denied.

15. Defendant admits that plaintiff worked at Saudi Oger Limited and Oger Telecom Limited but lacks sufficient information to admit or deny the existence of or content of alleged communications by or to plaintiff, and therefore these allegations are deemed denied. Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 15, and therefore these allegations are deemed denied.

16. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 16, and therefore these allegations are deemed denied.

17. Defendant lacks sufficient information to admit or deny whether plaintiff had "regular contact" with the Prime Minister, defendant, or others in the "natural and extended Hariri family" because plaintiff does not define those terms or the alleged time frame with any specificity, therefore these and the remaining allegations in Paragraph 17 are deemed denied.

18. Defendant admits the allegations in the first sentence of Paragraph 18, but denies the remaining allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19.

20. Defendant denies the allegations in Paragraph 20.

21. Defendant denies the allegations in Paragraph 21.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant denies the allegations in Paragraph 23.

24. Defendant admits that plaintiff was terminated by Saudi Oger and Oger Telecom. Defendant denies the remaining allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant denies the allegations in Paragraph 28.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 30 regarding the content of any conversations between plaintiff and third parties, and therefore those allegations are deemed denied. Defendant further denies that he instructed plaintiff, either personally or through any other individual, concerning plaintiff's settlement with Saudi Oger or Oger Telecom.

31. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 31 regarding the beliefs of plaintiff or the content or existence of any conversations between plaintiff and any representative of Saudi Oger and Oger Telecom, and therefore those allegations are deemed denied. Defendant further denies that he instructed plaintiff, either

personally or through any other individual, concerning plaintiff's settlement with Saudi Oger or Oger Telecom.

32.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 32 regarding the content or existence of any "contact[s]" or communications between plaintiff and any representative of Saudi Oger and Oger Telecom, and therefore those allegations are deemed denied.

33.     Defendant denies the allegations in Paragraph 33.

34.     Defendant lacks sufficient information to admit or deny whether plaintiff's counsel sent a demand letter to Saudi Oger and Oger Telecom, and therefore these allegations are deemed denied.  Defendant denies the remaining allegations in Paragraph 34.

35.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 35, and therefore these allegations are deemed denied.

36.     Defendant  lacks sufficient information to admit or deny the allegations in Paragraph 36, and therefore these allegations are deemed denied.

37.     Defendant admits that plaintiff signed the Settlement Agreement and the Option Agreement and avers that the confidential terms of the agreements speak for themselves, and the allegations of this paragraph are therefore denied to the extent they are inconsistent with these documents.  Defendant denies that defendant instructed plaintiff to sign the two agreements and denies the remaining allegations in Paragraph 37.

38.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 38 regarding the content or occurrence of any communications between Mr. Kalo, Mr. Bayram and plaintiff, and therefore those allegations are deemed denied.

39. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 39 regarding the content or occurrence of any communications between Mr. Kalo, Mr. Bayram and plaintiff, and therefore those allegations are deemed denied.

40. Defendant lacks sufficient information to admit or deny the statements in Paragraph 40 regarding the content or occurrence of any communications between Mr. Kalo, Mr. Bayram and plaintiff, and therefore those allegations are deemed denied. Defendant further denies that he ever promised, agreed, represented, or confirmed, either personally or through any other individual, that he would pay plaintiff the difference between $5 million and the amount of any settlement plaintiff entered into with Saudi Oger and Oger Telecom. Defendant denies the remaining allegations in Paragraph 40.

41. Defendant denies the allegations in Paragraph 41.

42. Defendant admits that he met with plaintiff and others, including Messrs. Kalo, Bayram, and/or Tahir at certain times, but denies the remaining allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

44. Defendant admits that in 2007, Colors LLC and Oxantium LLC were organized as Delaware limited liability companies with principal places of business in the District of Columbia, but lacks sufficient information to admit or deny the remaining allegations in Paragraph 44.

45. Defendant admits that plaintiff lived in Arlington, Virginia. Defendant lacks sufficient information to admit or deny when plaintiff moved to Arlington, Virginia, and therefore these allegations are deemed denied. Defendant denies the remaining allegations in Paragraph 45.

46. Defendant avers that the ownership structure of the entities is governed by their organizational agreements, which speak for themselves, and the allegations of this paragraph are therefore denied to the extent they are inconsistent with the documents. Defendant denies the remaining allegations in Paragraph 46.

47. Defendant avers that the agreement referenced in Paragraph 47 speaks for itself and the allegations of this paragraph are therefore denied to the extent they are inconsistent with the document.

48. Defendant avers that the terms of plaintiff's relationship with Oxantium and Colors was governed by written documents that speak for themselves and the allegations of this paragraph are therefore denied to the extent they are inconsistent with the documents.

49. Defendant admits that he met and communicated with plaintiff and others in 2008, but Defendant has not defined "details essential to implementing the framework for the new investments" with any specificity and therefore the remaining allegations in Paragraph 49 are deemed denied.

50. Defendant lacks sufficient information to admit or deny the first sentence in Paragraph 50, because plaintiff has not defined with any specificity the term "groups," or the dates, location, and parties present for any alleged review of such business plans and models. Defendant denies the second sentence and the remaining allegations in Paragraph 50.

51. The allegations in Paragraph 51 are insufficiently clear or specific to permit defendant to either admit or deny these allegations, and therefore they are deemed denied.

52. Defendant avers that the document referenced in Paragraph 52 speaks for itself and the allegations of this paragraph are therefore denied to the extent they are inconsistent with the document. Defendant denies the remaining allegations in Paragraph 52.

53. Defendant denies the allegations in Paragraph 53.

54. Defendant lacks sufficient information to admit or deny the allegations regarding plaintiff's state of mind alleged in Paragraph 54. Defendant denies the remaining allegations in Paragraph 54.

55. Defendant admits that plaintiff worked for Oxantium and Colors but denies the remaining allegations in Paragraph 55.

56. Defendant denies the allegations in Paragraph 56.

57. Defendant denies the allegations in Paragraph 57.

58. Defendant denies the allegations in Paragraph 58.

59. Defendant admits that in December of 2009, plaintiff ceased being a managing member of Oxantium and executed a settlement and release with Oxantium and its members. Defendant admits that in 2010, plaintiff was no longer involved in the management of Colors or Oxantium. Defendant denies the remaining allegations in Paragraph 59.

60. Defendant denies the allegations in Paragraph 60.

## **COUNT I**

61. Defendant incorporates the answers in the above paragraphs.

62. Paragraph 62 purports to state a conclusion of law, to which no response is required. To the extent that plaintiff purports to allege facts in Paragraph 62, defendant denies all such allegations.

63. Defendant admits that plaintiff executed agreements with Saudi Oger and avers that the terms of those agreements speak for themselves, and the allegations of this paragraph are therefore denied to the extent they are inconsistent with the documents. Defendant denies the remaining allegations in Paragraph 63.

64. Defendant denies the allegations in Paragraph 64.

65. Defendant denies the allegations in Paragraph 65.

## COUNT II

66. Defendant incorporates the answers in the above paragraphs.

67. Paragraph 67 purports to state a conclusion of law, to which no response is required. To the extent that plaintiff purports to allege facts in Paragraph 67, defendant denies all such allegations.

68. Paragraph 68 purports to state a conclusion of law, to which no response is required. To the extent that plaintiff purports to allege facts in Paragraph 68, defendant denies all such allegations.

69. Paragraph 69 purports to state a conclusion of law, to which no response is required. To the extent that plaintiff purports to allege facts in Paragraph 69, defendant denies all such allegations.

70. Paragraph 70 purports to state a conclusion of law, to which no response is required. To the extent that plaintiff purports to allege facts in Paragraph 70, defendant denies all such allegations.

## COUNT III

71. Defendant incorporates the answers in the above paragraphs.

72. Paragraph 72 purports to state a conclusion of law, to which no response is required. To the extent that plaintiff purports to allege facts in Paragraph 72, defendant denies all such allegations.

73. Defendant denies the allegations in Paragraph 73.

74. Defendant admits that various payments were made to plaintiff from 2007 to 2011, but denies the remaining allegations in Paragraph 74.

75. Defendant denies the allegations in Paragraph 75.

76. Defendant denies the allegations in Paragraph 76.

## COUNT IV

77. Defendant incorporates the answers in the above paragraphs.

78. Paragraph 78 purports to state a conclusion of law, to which no response is required. To the extent that plaintiff purports to allege facts in Paragraph 78, defendant denies all such allegations.

79. Defendant denies the allegations in Paragraph 79.

80. Defendant denies the allegations in Paragraph 80.

81. Defendant denies the allegations in Paragraph 81.

The unnumbered "WHEREFORE" clause following Paragraph 81, including all subparts, is a Prayer for Relief that requires no response. To the extent that any such response is required, defendant denies that plaintiff is entitled to any of the relief requested.

All allegations not specifically admitted above are hereby denied.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that he would not otherwise bear, and reserving the right to amend or supplement his affirmative defenses as additional facts become known, defendant Bahaa Rafiq Hariri states the following affirmative defenses:

1. The Complaint fails to state a claim upon which relief can be granted.

2. Defendant is entitled to summary judgment on all claims.

3. The Complaint fails to allege facts with requisite particularity.

   4.  The alleged contracts complained of are void and/or unenforceable as a matter of law.

   5.  The alleged contracts fail for absence of consideration.

   6.  Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

   7.  Plaintiff's claims are barred in whole or in part by the applicable statute of frauds or its substantial equivalent.

   8.  Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

   9.  Plaintiff's claims are barred in whole or in part by the doctrine of laches.

   10.  Plaintiff's claims are barred in whole or in part by waiver.

   11.  Plaintiff's claims are barred in whole or in part by written settlement agreements and releases.

   12.  Plaintiff's claims are barred in whole or in part by accord and satisfaction.

   13.  Plaintiff's claims are barred in whole or in part by failure of consideration.

   14.  Plaintiff's claims are barred in whole or in part by the derivative injury rule or its substantial equivalent.

   15.  Plaintiff's claims are barred in whole or in part by reason of unclean hands.

   16.  Plaintiff's claims are barred in whole or in part because of set-off.

   17.  Plaintiff failed to mitigate his damages and therefore plaintiff is barred from recovery.

18.     Plaintiff's claims are barred because any complained-of conduct alleged to have been committed by defendant was induced by a mistake of fact and/or fraud and/or misrepresentations by others, including, but not limited to, plaintiff.

19.     Plaintiff's claims are barred because the Complaint is impermissibly vague and ambiguous.

20.     Defendant alleges that venue in this district is improper and/or subject to transfer for forum non conveniens.

21.     Plaintiff has failed to adequately plead damages. The damages plaintiff seeks are too indefinite to be compensable.

22.     Defendant hereby gives notice that he intends to rely upon any other defense that may become available or appear during discovery in this case, and reserve his right to amend this Answer to assert any such defense.

## **COUNTERCLAIMS**

Bahaa Rafic Hariri, by his undersigned counsel, hereby counterclaims against Omar Al-Bundak. These counterclaims hereby incorporate all of defendant's answers and affirmative defenses above.

## **The Parties**

1.      Bahaa Rafiq Hariri is the defendant in this lawsuit (hereinafter "defendant"), asserting counterclaims against Omar Al-Bundak.

2.      Omar Al-Bundak is the plaintiff in this lawsuit (hereinafter "plaintiff") and a counterclaim-defendant.

## Background

The 2008 Settlement Agreement

3. Plaintiff formerly was employed by Saudi Oger. Saudi Oger terminated plaintiff in or around November 2006.

4. Plaintiff alleges that he threatened to sue Saudi Oger in relation to his termination.

5. In 2008, plaintiff and Saudi Oger entered into a settlement agreement (the "2008 Settlement Agreement").

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]



[redacted]

12. Notwithstanding the terms of the 2008 Settlement Agreement, plaintiff sued defendant. Plaintiff's claims are covered by the 2008 Settlement Agreement's release.

<u>The 2009 Settlement Agreement</u>

13. Plaintiff was a Management Member of Oxantium LLC.

14. In December 2009, plaintiff signed a "Separation Agreement and Release of All Claims" with Oxantium (the "2009 Settlement Agreement").

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]





[redacted]

20. Notwithstanding the terms of the 2009 Settlement Agreement, plaintiff sued defendant. Plaintiff's claims are covered by the 2009 Settlement Agreement's release.

**Counterclaim Count I – Breach of the 2008 Settlement Agreement**

21. Paragraphs 1 through 20 above are adopted and incorporated by reference as if fully set forth herein.

22. Plaintiff voluntarily signed the 2008 Settlement Agreement.

23. The 2008 Settlement Agreement is valid, binding, and enforceable.

[redacted]

26. Plaintiff's breaches caused defendant harm in amounts to be determined at trial.

### Counterclaim Count II – Breach of the 2009 Settlement Agreement

27. Paragraphs 1 through 26 above are adopted and incorporated by reference as if fully set forth herein.

28. Plaintiff voluntarily signed the 2009 Settlement Agreement.

29. The 2009 Settlement Agreement is valid, binding, and enforceable.

[REDACTED]

32. Plaintiff's breaches caused defendant harm in amounts to be determined at trial.

### Counterclaim Count III – Unjust Enrichment

33. Paragraphs 1 through 32 above are adopted and incorporated by reference as if fully set forth herein.

34. Defendant conferred a benefit on plaintiff, including plaintiff's receipt of substantial sums of money and other benefits.

35. Plaintiff knew he was receiving those benefits and accepted and retained those benefits in circumstances that rendered it inequitable for plaintiff to retain those benefits, including by acting contrary to defendant's interests.

36. Under the circumstances, it would be unjust for plaintiff to retain the benefits that defendant conferred on him and should return all such sums and benefits, or the equivalent sums, to defendant.

## Prayer for Relief

WHEREFORE, Defendant Bahaa Hariri respectfully prays that the Court:

(A)     Enter judgment in favor of defendant on all counts of the counterclaims.

(B)     Dismiss all counts of plaintiff's Complaint with prejudice.

(C)     Order plaintiff to pay defendant the amount of money damages established at trial on all counterclaim counts, plus interest, costs and expenses, including reasonable attorney's fees.

(D)     Grant defendant such other further relief as is just and equitable.

## JURY TRIAL DEMAND

Bahaa Hariri demands trial by jury on all issues.

Respectfully submitted,

ARNOLD & PORTER LLP

/s/
Randall K. Miller (VSB 70672)
Nicholas M. DePalma (VSB 72886)
1600 Tyson Boulevard, Suite 900
McLean, VA  22102-4865
Main:  703.720.7000
Direct:  703.720.7030
Facsimile:  703.720.7399
Email:  Randall.Miller@aporter.com
Email:  Nicholas.DePalma@aporter.com

*John C. Massaro
*Anthony J. Franze
*Carolyn A. Pearce
Ian S. Hoffman (VSB 75002)
555 12th Street, N.W.
Washington, D.C.  20004
Main:  202.942.5000
Facsimile:  202.942.5999
Email:  John.Massaro@aporter.com
Email:  Anthony.Franze@aporter.com
Email:  Carolyn.Pearce@aporter.com
Email:  Ian.Hoffman@aporter.com

*Counsel for Defendant Bahaa Rafiq Hariri*          * admitted pro hac vice

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of December 2012, a true and correct copy of the foregoing was e-mailed and sent via First Class Mail to:

>Edward A. Pennington
>John P. Moy
>MURPHY & KING, P.C.
>1055 Thomas Jefferson St., N.W.
>Washington, DC 20007
>Tel: (202) 403-2100
>Fax: (202) 429-4380
>eap@murphyking.com
>jpm@murphyking.com
>
>James Coyne King
>Shawn Lu
>MURPHY & KING, P.C.
>One Beacon Street
>Boston, MA 02108
>Tel: (617) 423-0400
>Fax: (617) 423-0498
>jck@murphyking.com
>sl@murphyking.com

I also certify that I have caused the foregoing to be delivered via Federal Express overnight to the Clerk's office to be filed under seal, pursuant to the procedures set forth in Local Civil Rule 5.

>/s/ Nicholas M. DePalma
>Nicholas M. DePalma (VSB 72886)
>ARNOLD & PORTER LLP
>1600 Tyson Boulevard, Suite 900
>McLean, VA  22102-4865
>Main:  703.720.7000
>Facsimile:  703.720.7399
>Email:  Nicholas.DePalma@aporter.com
>
>*Counsel for Defendant Bahaa Rafiq Hariri*